```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION


PNC Bank, National                :
    Association,
                                  :           Case No. 2:15-cv-1038
        Plaintiff,
                                  :           Magistrate Judge Kemp
    v.
Pataskala Town Center, LLC,       :
et al.,
                                  :
        Defendants.
```

ORDER

This case was brought by plaintiff PNC Bank, NA ("PNC"), seeking judgment against defendants Pataskala Town Center, LLC ("Pataskala"), Hazelton Retail I, Ltd. ("Hazelton"), The Lafayette Partners, LLC ("Lafayette"), and Scott T. Mallory ("Mr. Mallory") in relation to a number of promissory notes, guaranties, mortgages, and other loan documents. On December 5, 2016, summary judgment was granted and judgment was entered in favor of the plaintiff (Doc. 70-72). This matter is now before the Court to consider the defendants' motion to stay judgment pending appeal (Doc. 75). PNC has filed a response. The defendants have not filed a reply. For the following reasons, the motion to stay judgment will be denied.

Subsequent to judgment being entered in favor of PNC, defendants Lafayette and Mr. Mallory (hereinafter "defendants") filed a timely notice of appeal (Doc. 74) together with a motion to stay execution of the judgments against entered against them in the amounts of $1,510,500.00 plus interest, real estate taxes and other costs and $4,047,806.47 plus interest, real estate taxes and other costs. (Doc. 75). The defendants' motion is brought pursuant to Fed.R.Civ.P. 62(f), which provides as follows:

>    (f)   **Stay in Favor of a Judgment Debtor Under State Law.** If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

The defendants acknowledge that Ohio Civ.R. 62(B) provides that when an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond, and moves for the Court to waive the giving of a supersedeas bond.  They argue that the bond is not necessary because PNC has "adequate security in the form of judicial liens [i.e. this Court's judgment] and mortgage interests in the real and personal property that is the subject of this action." (Doc. 75 at 4).  However, this Court's judgment in favor of PNC does not independently constitute a lien on the property pursuant to Rule 62(f).  <u>Kennedy v. City of Zanesville, OH</u>, 2008 WL 3993894 (S.D. Ohio Aug. 20, 2008).

    The defendants urge the Court to use its discretion to waive the bond in this case, citing <u>Irvine v. Akron Beacon Journal</u>, 147 Ohio App.3d 428 (Summit Co. 2002). The <u>Irvine</u> court held that the trial court had not abused its discretion by waiving a bond in a stay of execution of judgment pending appeal finding that the successful plaintiffs were "adequately secured by the Defendant's solvency ..." <u>Id</u>. at 451. Here, however, there is no indication that the defendants in this case can adequately secure the judgment against them by their solvency.  As PNC correctly points out, the defendants could have brought their motion to stay under Fed.R.Civ.P. 62(d), which is virtually identical to Ohio Civ.R. 62(B), and provides that when an appeal is taken on a judgment for money damages, the appellant may obtain a stay by supersedeas bond.  A district court may exercise discretion to dispense with the bond requirement under Rule 62(d) only under "'extraordinary circumstances', which include either a showing by the appellant

of his 'ability to pay the judgment is so plain that the cost of the bond would be a waste of money,' or that the bond requirement 'would put [appellant's] other creditors in undue jeopardy.'" <u>Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC</u>, 311 F.R.D. 166 (S.D. Ohio 2015), <u>quoting</u> <u>Hamlin v. Charter Twp. of Flint</u>, 181 F.R.D., 348, 353 (E.D. Mich. 1998) (quotation marks and citations omitted); <u>see also</u> <u>Verhoff v. Time Warner Cable, Inc.</u>, 2007 WL 4303743, *2 (N.D. Ohio Dec. 10, 2007) ("[A] full supersedeas bond should almost always be required and should only be excused whe[n] the appellant has demonstrated the existence of extraordinary circumstances"). The defendants have failed to demonstrate extraordinary circumstances that would warrant the Court waiving the requirement for a supersedeas bond in this case.  The motion to stay pending appeal (Doc. 75) will therefore be denied.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge